## 39147. BOWDEN v. THE STATE.

JORDAN, Chief Justice.
On December 9, 1976, Bowden was convicted in the Superior Court of Muscogee County of murder, armed robbery, aggravated assault, and burglary. The death sentence was imposed for the murder.

His convictions and death sentence were affirmed on direct appeal. *Bowden v. State,* 239 Ga. 821 (238 SE2d 905) (1977). He then filed a petition for habeas corpus relief in Butts County Superior Court which was denied. This court granted his application for probable cause and affirmed the habeas court. *Bowden v. Zant,* 244 Ga. 260 (260 SE2d 465) (1979). One of his grounds for relief was that he had been denied a fair trial because the trial court overruled his motion for a psychiatric examination to aid him in pursuing his special plea of insanity. We found this ground to be without merit.

Subsequently, Bowden filed an extraordinary motion for new trial in Muscogee Superior Court on the grounds of newly discovered evidence. This motion was denied on the basis that Bowden's newly discovered evidence was cumulative and not so material that it would probably produce a different verdict. Bowden appeals.

Extraordinary motions for new trial are not favored, *Dick v. State,* 248 Ga. 898 (287 SE2d 11) (1982), and it is incumbent on the party making such a motion to satisfy the trial court as to each of the following six requirements: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness. *Dick v. State,* supra, p. 900; *Tanner v. State,* 247 Ga. 438, 443 (276 SE2d 627) (1981). In addition, the trial court's denial of such a motion will not be reversed absent an abuse of discretion. *Dick v. State,* supra, p. 901; *Drake v. State,* 248 Ga. 891, 894-95 (287 SE2d 180) (1982).

Bowden offers as newly discovered evidence a psychologist's report dated November 14, 1966 which was based on evaluation conducted that day. The psychologist found that Bowden was "functioning within the lower limits of mild retardation"; that he was easily distracted; that he had a tendency to act on impulse; and that he was "of course not psychotic but definitely [had] several neurotic tendencies."

Bowden contends that this newly discovered evidence is so material to the issue of his sanity and competency that it would probably produce a different result on his motion for the appointment of a psychiatrist and would probably produce a ruling that he was tried while legally incompetent in violation of his rights to due process.

In addition, Bowden contends that this psychologist's report is

so material and relevant to mitigation of punishment that it would probably have produced a life sentence, and that, in light of Eddings v. Oklahoma, 455 U. S. 104 (102 SC 869, 71 LE2d 1) (1982), he should have another sentence hearing to present this mitigating evidence.

We find that the trial court did not abuse its discretion in denying Bowden's motion. The psychologist's report was based on an examination conducted ten years prior to the crimes for which Bowden was convicted. The report only indicates that Bowden was mildly retarded when it came to academics, easily distracted, and somewhat impulsive and neurotic. This represents very weak, if any, evidence of insanity at the time he committed the crimes or of legal incompetency at the time of trial. Consequently, the trial court properly denied Bowden's motion.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982 —
REHEARING DENIED NOVEMBER 16, 1982.

*August F. Siemon, Nelson C. Jarnagin,* for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.