## 66027. LEE v. THE STATE.

McMURRAY, Presiding Judge.

The defendant, a prisoner at the Reidsville state prison, was indicted, tried and convicted of the offenses of aggravated assault upon a peace officer and two counts of mutiny in a penal institution. The defendant appeals. *Held:*

1. Defendant first contends that a rational trier of fact, considering the numerous contradictions could not have found him guilty. We disagree. We have examined the record and transcript and are satisfied that the evidence adduced at trial, though disputed by the defendant, particularly as to his intent due to fear of injury, was sufficient to enable a rational trier of fact to have found the defendant guilty of the crimes charged beyond a reasonable doubt. See *Green v. State,* 249 Ga. 369, 370 (1) (290 SE2d 466); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

2. We are next concerned with whether or not there was error when the defendant was asked on cross-examination by the special prosecutor about a statement he had made in testifying at a hearing before the State Personnel Board. Objection was made by defense counsel that he had not been given a copy of this statement, and the state withdrew the question and that line of questions. The trial court instructed the jury to disregard this question. Thereafter the contents of the statement were considered. After the defendant finished testifying counsel moved for a mistrial which was denied. While the defendant, upon proper demand, has a right to statements given by him while in police custody (see OCGA § 17-7-210 (a) and (c) thereof) (formerly Code Ann. § 27-1302 (a) (c) (Ga. L. 1980, p. 1388)), upon failure of the prosecution to comply with defendant's timely written request for a copy of a statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal. We find no error here as the statement was not used by the prosecution at all. Further, the trial court did not err in refusing to declare a mistrial for the statement was never considered, and the trial court gave the jury

corrective instructions to disregard the question. Where a motion for mistrial is made on the ground of inadmissible matters being presented to the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, a refusal to grant a mistrial is not error. *Clark v. State,* 159 Ga. App. 136, 137 (1) (282 SE2d 752).

3. The next enumeration of error is that the trial court erred in directing the defendant to testify from his counsel table. Defendant contends that the trial court erred in directing the defendant "to testify from right where he is," thereby expressed an opinion to the jury, being an inference of guilt or to discredit the testimony of the defendant in not testifying in the same location and method as the state's witnesses in violation of OCGA § 17-8-55 (formerly Code § 81-1104). First of all, the trial court has not expressed an opinion as to what has or has not been proved or as to the guilt of the defendant. Further, there was no objection made to this procedure, and any failure to make objection precludes defendant from raising this issue for the first time on appeal. See *White v. State,* 231 Ga. 290, 294 (5) (201 SE2d 436). Moreover, the conduct of the trial, especially matters of courtroom security, are matters within the discretion of the trial court. *Collins v. State,* 164 Ga. App. 482, 484 (4) (297 SE2d 503). We find no merit in this enumeration of error.

4. We next consider an enumeration of error based upon the claim that the defendant is entitled to a new trial because, allegedly, testimony given at a hearing before the State Personnel Board would have impeached the testimony of one of the state's witnesses who was not a victim. However, the transcript of that hearing is not a part of the record in this case. Therefore, there is nothing which this court can review concerning this issue. *Neal v. State,* 161 Ga. App. 77 (1) (289 SE2d 293). Further, this evidence would be merely impeaching and may not be used as the basis for a new trial on the ground of newly discovered evidence. See *Bowden v. State,* 250 Ga. 185, 186 (296 SE2d 576); *Drake v. State,* 248 Ga. 891, 894 (287 SE2d 180).

5. Defendant next contends that the trial court erred in not giving as a possible verdict, the crime of simple assault and a specific charge on simple assault. There was no request either oral or written by the defendant for an instruction on the lesser included offense of simple assault. In the absence of a timely written request, the trial court's failure to charge on a lesser included offense is not error. See *Daniel v. State,* 248 Ga. 271, 272 (1) (282 SE2d 314); *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354). These complaints are not meritorious.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983.

*Alvin C. McDouglad,* for appellant.

Edward Lee, *pro se.*

*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.