## A99A1218. THOMAS v. THE STATE.
(521 SE2d 397)

ELDRIDGE, Judge.

A Richmond County jury found Rudolph Lamar Thomas guilty of two counts of burglary, one count of rape, and one count of aggravated sodomy for acts he perpetrated against a female victim after twice breaking into her home. He appeals his conviction, and we affirm it.

1. Thomas first challenges the sufficiency of the evidence introduced against him. In so doing, he does not assert that the essential elements of the crimes were not present in the testimony of the State's witnesses.[1] Instead, Thomas claims that "the State's witnesses were entirely impeached and the alleged victim[']s delay in reporting the crime establishes that her allegations are not worthy of belief."

However, "[t]he success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses." (Citation and punctuation omitted.) *Stephens v. Adkins*, 226 Ga. App. 648, 649 (487 SE2d 440) (1997). Moreover, a delay in reporting an alleged rape goes to the credibility of the victim, which is solely a jury question. "The delay may be explained [and] the decision on credibility left to the jury." (Citations and punctuation omitted.) *Barnes v. State*, 171 Ga. App. 478, 480 (320 SE2d 597) (1984).

Here, Thomas claimed that his sexual relations with the victim were consensual, while the victim testified in detail regarding his perpetration of criminal acts upon her. The jury chose to believe the victim, including her explanation that she did not go to the police immediately because of "shame. Shame, embarrassed, shocked. Basically just very shamed. I didn't want anybody to know. Embarrassed."

The decision to believe the victim was the jury's prerogative. Since this Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence, assess the credibility of the witnesses, or otherwise invade the province of the jury, Thomas' challenge to the sufficiency of the evidence presents no basis for reversal. *Kapua v. State*, 228 Ga. App. 193, 196 (2) (491 SE2d 387) (1997).

2. Next, Thomas claims a *Brady*[2] violation. The State stipulated pre-trial to the fact that — prior to the incident in question — the

---

[1] Because Thomas does not challenge the presence of the essential elements of the crimes, a recitation of the facts is rendered unnecessary herein. Notwithstanding, we find that the State's evidence was sufficient for a rational trier of fact to have found Thomas guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

victim was not under psychiatric care and had no psychiatric history. However, the victim testified at trial that she was taking anti-depressant medication prior to the incident. Thomas asserts that such testimony demonstrates a "psychiatric history" that the State was aware of and deliberately suppressed. In that regard, Thomas claims that "[h]ad the Defense had this information a reasonable probability exists that the outcome of this trial would have been different." We do not agree.

> Fundamental to any error based upon a violation of *Brady* is that appellant must prove that: (1) the state possessed evidence favorable to the defense, i.e., true *Brady* material; (2) the defense did not possess the evidence, nor could she obtain it herself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; (4) she was denied access to such evidence during trial; (5) the disclosure would have benefitted the defense by providing evidence for the defense or impeaching prior inconsistent statements; and (6) the denial deprived her of a fair trial, i.e., a reasonable probability exists that the outcome of the proceedings would have been different had disclosure been made.

(Emphasis omitted.) *Bailey v. State*, 229 Ga. App. 869, 874 (3) (494 SE2d 672) (1997).

With these criteria in mind, we find that Thomas' claim of a *Brady* violation fails for the following reasons:

(a) The victim's employment of anti-depressant medication does not, by itself, indicate a "psychiatric history" as alleged by the defense. A general practitioner may prescribe such medication on a temporary basis. Accordingly, the testimony about which Thomas complains does not establish that the evidence sought by Thomas even exists.

(b) There is no evidence that the State knew of the victim's psychiatric history, if any, and deliberately suppressed it. In fact, the State maintained that the victim adamantly denied any psychiatric history and that such was the source of the State's information and the basis for the State's stipulation.

(c) The evidence about which Thomas complains came out during trial, thereby rendering his *Brady* challenge meritless. "A *Brady* violation does not exist where the information sought by the defendant becomes available at trial." *Jenkins v. State*, 269 Ga. 282, 292 (18) (498 SE2d 502) (1998).

(d) Thomas has failed to demonstrate how evidence of the victim's alleged psychiatric history would have been admissible on the

trial of this case. See *Bobo v. State*, 256 Ga. 357, 360 (4) (349 SE2d 690) (1986); see also *Tiller v. State*, 159 Ga. App. 557, 558 (284 SE2d 63) (1981).

(e) Thomas states that "the outcome of this trial would have been different" had the defense been made aware of the victim's alleged psychiatric history. However, this conclusory statement in no way meets Thomas' burden to *prove* that a reasonable probability exists that the outcome would have been different had the information about which he complains been available.

3. Thomas contends that the trial court erred in qualifying as an expert Beverly Lindsey, Director of the Augusta Rape Crisis Center. Specifically, Thomas contends that Lindsey did not have the experience, education, or training to testify regarding the number of women who delay in reporting a rape or fail to report it at all. We do not agree.

> To qualify an expert witness, nothing more is generally required than a showing that the witness has been educated in a particular trade or profession; such special knowledge may be derived from experience as well as study. It lies in the trial court's sound discretion to decide whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert; the exercise of this discretion will not be disturbed unless manifestly abused.

(Citations and punctuation omitted.) *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562) (1993).

Here, the record shows that Beverly Lindsey has a master's degree in clinical counseling and, at the time of trial, had over five years experience in counseling victims of sexual assault, which victims numbered in the hundreds. She had been the Director of the Augusta Rape Crisis Center for a year and a half at the time of trial. In addition to her advanced degree and experience with hundreds of victims, Lindsey testified that she had read "different books, various journal articles" on the subject of rape victims, the most recent of which was The Rape Victim by Mary Haas and Mary Harvey. The specific testimony about which Thomas complains was derived from information Lindsey obtained from an article called "Rape Report to the Nation," which stated that only 16 percent of women who had been raped reported the incident. In addition, Lindsey testified that, from her own experience counseling rape victims, "very few of the people that come in for counseling report to the police."

Based on the above, we find no abuse of discretion in the trial court's qualification of Lindsey as an expert on victims of sexual

abuse, including rape. Further, our review of the record shows that the specific testimony about which Thomas complains was clearly related to knowledge within Lindsey's area of expertise. Thus, there was no error in the admission of such testimony. Compare *Prickett v. State*, 220 Ga. App. 244, 246 (3) (469 SE2d 371) (1996), overruled on other grounds, *State v. Belt*, 269 Ga. 763, 764, n. 1 (505 SE2d 1) (1998).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999.

*Jeffrey S. Bowman*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.