## A06A1351. GRANVILLE v. THE STATE.

(636 SE2d 173)

SMITH, Presiding Judge.

A jury found Jerome Granville guilty of obstruction of an officer, interfering with government property, public drunkenness, and aggravated assault. Following the denial of his amended motion for new trial, Granville appeals. In addition to challenging the sufficiency of the evidence, Granville contends that the trial court failed to warn him of the dangers and disadvantages of proceeding pro se and failed to determine whether he was mentally competent to represent himself. Finding no reversible error, we affirm.

1. Granville first contends that the evidence was insufficient to sustain his convictions. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and Granville no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find Granville guilty of the charged offense beyond a reasonable doubt under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Id.

Viewed in the light most favorable to the verdict, the evidence showed that the victim noticed Granville's grandmother walking along a road in the dark and stopped to give her a ride home. When the victim pulled his car over, Granville, while standing outside the victim's car, pointed a gun at the victim and said "Stop. Give me and my grandma a ride home." The victim told Granville that he could not get into his car with a gun and that if Granville would put the gun down, he would take them wherever they needed to go. As Granville and his grandmother got into the victim's car, police officers arrived. The officers had received information that "someone [was] walking around with a gun, threatening to shoot people." One of the officers observed Granville in the back seat of the victim's car and a gun with its hammer cocked back lying on the floor at Granville's feet.

The officers asked Granville to get out of the car, but he refused. As the officers assisted Granville out of the victim's car, they noticed the strong odor of alcohol coming from Granville's person. They opined that Granville was under the influence of alcohol or drugs. One of the officers attempted to handcuff Granville but had to be assisted by a second officer because Granville resisted and became belligerent. The officers managed to place him in the back of a patrol car, where he kicked out two rear windows resulting in over $2,000 in damage. When an officer opened the door of the patrol car, Granville

flailed and kicked his legs. The officer then pepper sprayed Granville and put leg chains on him to prevent him from hurting himself or the officers.

This evidence was sufficient under the standard of *Jackson v. Virginia*, supra, for a reasonable trier of fact to find Granville guilty of aggravated assault, obstruction, public drunkenness, and interference with government property. See OCGA §§ 16-5-21 (a) (2), 16-10-24 (b), 16-11-41 (a), 16-7-24 (a); see also *Weldon v. State*, 262 Ga. App. 854 (1) (586 SE2d 741) (2003) (interference with government property); *McLeod v. State*, 245 Ga. App. 668, 669 (2), (3) (538 SE2d 759) (2000) (aggravated assault and obstruction); *Williams v. State*, 228 Ga. App. 698, 700 (2) (492 SE2d 708) (1997) (evidence sufficient to show defendant committed offense of public drunkenness as part of obstruction charge).

2. Granville argues that the trial court erred in failing to advise him of the dangers of representing himself, and failed to determine whether he was mentally competent to represent himself.

> When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver. Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. Merely finding that a request for counsel was not made is insufficient to establish waiver. In order to establish a valid waiver, a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.

(Citations and punctuation omitted.) *Rutledge v. State*, 224 Ga. App. 666, 669 (3) (482 SE2d 403) (1997). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (Citation and punctuation omitted.) *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). "While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and

appropriate for that determination to appear upon the record." (Citation and punctuation omitted.) Id.

During a brief hearing prior to trial, the following colloquy took place:

> State: Your Honor, Mr. Granville — this is the second or third time this case has appeared on the calendar. He was formerly represented by Mr. Liggin. Mr. Liggin has made a motion to withdraw. Mr. Granville has informed me that they have terminated their professional relationship in this case and he's wanting to represent himself in this matter.
> The Court: All right.
> State: I'd like for him to be perhaps counseled by the Court in that regard.
> The Court: Do you understand, Mr. Granville, that it's hard to represent yourself in a case? There are various matters of law that make it difficult, and I can appoint you an attorney or you can employ one to represent yourself. But it's hard to represent yourself in a case and to understand and know all the law. Do you understand that?
> Granville: Yes, sir. Well, I would accept a court-appointed attorney if the Court can assure me that the attorney will take time to look at this case.
> The Court: I can't assure you of anything except appoint an attorney.
> Granville: Okay. Well, then I'll represent myself.
> The Court: That's all I can assure you.
> Granville: Okay, thank you.
> The Court: All right. [Public Defender] —
> Public Defender: Yes, sir.
> The Court: Will you represent him?
> Public Defender: Well, he indicated he did not want a —
> The Court: Sir?
> Public Defender: He indicated he did not want a court-appointed attorney.
> The Court: He's got one now.
> Public Defender: Okay. Mr. Granville, if you wish my services, be at my office, please, sir, at nine o'clock in the morning.
> Granville: No, thank you.
> Public Defender: Let the record reflect that Mr. Granville has rejected the services of a court-appointed attorney.

The trial court allowed Granville to proceed pro se but appointed standby counsel to assist him.

It is evident from this brief exchange between Granville and the trial court that the court made no inquiry of Granville's background or experience and failed to warn Granville of the dangers of proceeding without counsel, only warning Granville of the *difficulty* in representing himself. Although it is apparent that Granville was aware of his right to counsel, under these circumstances we cannot conclude that Granville's waiver of counsel was knowing, voluntary, and intelligent. See *Glaze v. State*, 172 Ga. App. 802 (325 SE2d 172) (1984); see also *McCook v. State*, 178 Ga. App. 276 (342 SE2d 757) (1986) (physical precedent only).

Any error here, however, was harmless because standby counsel "provided assistance regarding procedural matters during trial, so that the defendant did not stand trial alone with no assistance or protection of his rights." (Citations and punctuation omitted.) *Davis v. State*, 257 Ga. App. 500, 502 (1) (571 SE2d 497) (2002). Standby counsel advised Granville on the proper procedure to "strike" a jury and present evidence, and assisted Granville with jury instructions and closing argument.

Moreover, the record reveals that not only did the State present strong evidence against Granville (see *Rutledge v. State*, supra, 224 Ga. App. at 671 (3)), but that Granville understood the nature of the charges against him, filing numerous pro se motions prior to trial (including two motions to quash the indictment), and that he represented himself in a credible fashion. He made opening and closing argument and conducted a thorough and sifting cross-examination of the State's witnesses. He even challenged the credibility of the victim (by eliciting the victim's admission that the prosecutor had threatened the victim with jail if he did not testify), and he questioned why the officers did not activate their patrol cars' video cameras. Granville successfully moved to exclude two potential jurors and to sequester the witnesses. He also properly objected to the State's attempt to lead a witness, which resulted in the State being cautioned by the trial court, and to the State's attempt to enter into evidence an estimate of the damages to the police car rather than the actual amount paid for repair. Finally, Granville successfully objected to a hearsay statement made by one of the witnesses.

As the record reveals that Granville "was well prepared to defend himself and did so in a credible fashion," we "conclude that it is unlikely that [his] convictions were attributable to his decision to represent himself." *Rutledge v. State*, supra, 224 Ga. App. at 671 (3). We further conclude that the record presents no evidence that Granville was not mentally competent to represent himself. This enumeration therefore presents no ground for reversal.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*John W. Sherrer, Jr.*, for appellant.

*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.