A07A2183. ROBINSON v. THE STATE.

(653 SE2d 810)

BLACKBURN, Presiding Judge.

Following a jury trial, pro se defendant Courtney Anthony Robinson was convicted on one count of criminal attempt to commit arson,[1] one count of terroristic threats,[2] one count of criminal damage to property in the first degree,[3] and one count of obstructing a law enforcement officer.[4] He appeals his conviction and the denial of his motion for new trial, (i) challenging the sufficiency of the evidence and further arguing that the trial court erred in (ii) improperly commenting on the evidence; (iii) allowing the State to withhold exculpatory evidence; (iv) failing to consider evidence of mental illness; (v) failing to adequately charge the jury; (vi) denying his general demurrer; and (vii) failing to find that he received ineffective assistance of counsel. For the reasons set forth below, we affirm Robinson's conviction, but we vacate the denial of his motion for new trial with respect to his claim of ineffective assistance of counsel and remand the case to the trial court for a hearing on that claim.

1. Robinson first contends that the evidence was insufficient to support his conviction. We disagree.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Robinson] no longer enjoys a presumption of innocence." *Berry v. State*.[5] Additionally, when evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[6]

---

[1] OCGA §§ 16-4-1; 16-7-60 (a) (5).
[2] OCGA § 16-11-37 (a).
[3] OCGA § 16-7-22 (a) (1).
[4] OCGA § 16-10-24 (a).
[5] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).
[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in late July 2004, Robinson was employed as a painting contractor by a company responsible for remodeling local Applebee's Restaurants and was a member of a crew that had recently completed renovation work at the Applebee's on Highway 78 in Gwinnett County. On the afternoon of July 26, 2004, a few days after completing the renovations, Robinson returned to the restaurant and asked the manager whether the contracting project manager had left his paycheck there. The manager informed Robinson that his paycheck had not been left with her but offered to call the project manager to resolve the confusion. Upon contacting the project manager, the restaurant manager handed the telephone to Robinson and returned to her office to finish some paperwork. The project manager informed Robinson that he could pick up his paycheck in a few days, at which point Robinson became angry and threatened to burn the restaurant down if he was not paid immediately. Robinson then hung up the phone and left the restaurant.

Meanwhile, the project manager quickly called the restaurant manager back, warned her of Robinson's threat, and advised her to call the police. Approximately 20 minutes later, Robinson returned to the restaurant with a plastic gas can and began pouring gasoline onto the restaurant's tables and carpet while shouting that everyone should leave. Pandemonium ensued as the restaurant's patrons fled toward the exits. Fearing that Robinson was about to ignite the gasoline with a lighter or a match, two of the restaurant's employees rushed him and forced him to drop the gas can. The employees then forced Robinson outside to the parking lot where they were able to subdue him until the police arrived. Upon arriving at the restaurant, two police officers attempted to arrest Robinson, but he struggled with the officers and threatened them before they were eventually able to handcuff him.

Robinson was indicted on one count of criminal attempt to commit arson, three counts of aggravated assault,[7] four counts of terroristic threats, one count of criminal damage to property in the first degree, and one count of obstruction of a law enforcement officer. He was appointed counsel but at trial elected to proceed pro se after expressing dissatisfaction with counsel's pre-trial assistance. At the trial's conclusion, Robinson was found guilty of criminal attempt to commit arson, one count of terroristic threats, one count of criminal damage to property in the first degree, and obstructing a law enforcement officer. At his sentencing hearing, new evidence was submitted, which indicated that in 2002 Robinson had been briefly hospitalized in Jamaica (his native country) for mental health problems. In light

[7] OCGA § 16-5-21.

of this evidence, the trial court ordered that Robinson be evaluated for competency and criminal responsibility by a State mental health professional. This evaluation concluded that Robinson had been competent to stand trial and was criminally responsible for his actions. Robinson filed a motion for new trial and, again, proceeded pro se at the hearing on his motion. During that evidentiary hearing, the trial court found that Robinson had been competent to stand trial and was criminally responsible for his actions, and thus denied his motion for new trial. This appeal followed.

2. Robinson contends that the evidence was insufficient to support his conviction. We disagree. OCGA § 16-4-1 defines criminal attempt as the performance, with the intent to commit a specific crime, of any act which constitutes a substantial step toward the commission of that crime. "The question of intent is peculiarly for the jury where there is any evidence from which it may be inferred." (Punctuation omitted.) *Waller v. State*.[8] "OCGA § 16-7-60 (a) (5) provides, in relevant part, that a person commits the offense of first degree arson when, by means of fire, he knowingly damages a building under such circumstances that it is reasonably foreseeable that human life might be endangered." *Pless v. State*.[9] In addition, OCGA § 16-11-37 (a) in part provides:

> A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence, to release any hazardous substance . . . or to burn or damage property with the purpose of terrorizing another or of causing the evacuation of a building . . . or otherwise causing serious public inconvenience or in reckless disregard of the risk of causing such terror or inconvenience.

Here, Robinson threatened to burn down the restaurant and then proceeded to pour gasoline onto the restaurant's tables and carpet in front of numerous eyewitnesses. Thus the evidence was sufficient to allow a rational jury to convict Robinson of attempt to commit arson. See *Dodson v. State*;[10] *Tucker v. State*.[11] Furthermore, his threat to burn down the restaurant provided sufficient evidence to support his conviction of terroristic threats. See *Armour v. State*;[12] *Veit v. State*.[13]

---

[8] *Waller v. State*, 267 Ga. App. 608, 609 (600 SE2d 706) (2004).

[9] *Pless v. State*, 277 Ga. App. 415, 417 (1) (626 SE2d 613) (2006).

[10] *Dodson v. State*, 257 Ga. App. 344, 345 (1) (571 SE2d 403) (2002).

[11] *Tucker v. State*, 182 Ga. App. 625, 626 (356 SE2d 559) (1987).

[12] *Armour v. State*, 265 Ga. App. 569, 571-572 (1) (594 SE2d 765) (2004).

[13] *Veit v. State*, 182 Ga. App. 753, 755 (1) (357 SE2d 113) (1987).

OCGA § 16-7-22 (a) (1) provides: "A person commits the offense of criminal damage to property in the first degree when he . . . [k]nowingly and without authority interferes with any property in a manner so as to endanger human life. . . ." Here, as previously noted, several witnesses testified that Robinson damaged the restaurant's tables and carpets when he poured gasoline onto them in the presence of the restaurant's employees and patrons. Thus, the evidence sufficiently supported his conviction of first degree criminal damage to property. See *Louis v. State*.[14]

Finally, OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." In this regard, the two officers responding to the incident testified that Robinson attempted to forcefully resist being handcuffed and threatened the officers as they arrested him. Accordingly, the evidence was sufficient for a reasonable trier of fact to find Robinson guilty of obstructing a law enforcement officer. See *Granville v. State*.[15]

3. Robinson contends that the trial court improperly commented on his cross-examination of a witness in violation of OCGA § 17-8-57. We disagree. "OCGA § 17-8-57 prohibits a judge in a criminal case from expressing or intimating his or her opinion as to what has or has not been proved or as to the guilt of the accused. To violate this statute, the comments must focus on a disputed issue of fact." *Smith v. State*.[16] "A claim of error alleging a violation of OCGA § 17-8-57 is not waived by an attorney's failure to object at trial, if such violation constitutes plain error." (Punctuation omitted.) *Adams v. State*.[17] "A violation of [this] statute requires a new trial." *Smith*, supra, 275 Ga. App. at 63 (4).

Here, Robinson specifically argues that while he was cross-examining a witness regarding whether the witness saw Robinson in possession of a lighter, the trial court interrupted and made a statement regarding the possibility that the gasoline poured by Robinson could have ignited by coming into contact with an electrical outlet. However, Robinson has failed to provide a specific record cite for this alleged improper comment. "It is not this Court's role to cull the record on a party's behalf." (Punctuation omitted.) *Wilkes v. State*.[18] Nevertheless, after reviewing the record, we can find no

---

[14] *Louis v. State*, 230 Ga. App. 897, 900 (2) (497 SE2d 824) (1998).
[15] *Granville v. State*, 281 Ga. App. 465, 466 (1) (636 SE2d 173) (2006).
[16] *Smith v. State*, 275 Ga. App. 60, 63 (4) (619 SE2d 694) (2005).
[17] *Adams v. State*, 282 Ga. App. 819, 823 (4) (640 SE2d 329) (2006).
[18] *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004).

instance during trial in which the trial court interrupted his cross-examination and made the improper comments alleged by Robinson. In fact, the only instance in which the trial court mentioned the possibility of the gasoline poured by Robinson igniting by contact with an electrical outlet was during sentencing and thus after the verdict had already been rendered. Accordingly, Robinson's contention that the trial court made improper comments in violation of OCGA § 17-8-57 lacks factual basis.

4. Robinson also contends that the trial court erred by allowing the State to improperly withhold a videotape recorded by the restaurant's surveillance camera in violation of *Brady v. Maryland*.[19] We initially note that Robinson never asserted during trial that the State was withholding evidence and thus has waived this issue on appeal. See *Floyd v. State*.[20] Nevertheless, Robinson's contention is without merit. "Fundamental to any error based upon a violation of *Brady* is that appellant must prove that . . . the state possessed evidence favorable to the defense. . . ." *Thomas v. State*.[21]

Here, Robinson fails to cite to any evidence in the record that supports his assertion that such a tape exists, much less that the State had such a tape in its possession. In fact, during his cross-examination of one of the restaurant's employees, Robinson asked if the employee was familiar with the restaurant's surveillance system, and the employee responded that there was no such system in place at the time of the incident. Accordingly, Robinson's claim that the trial court erred by allowing the State to withhold evidence also lacks a factual basis.

5. Robinson further contends that the trial court erred in denying his motion for new trial on the ground that his mental health problems rendered him either incompetent to stand trial or not criminally responsible for his actions. We disagree. "An accused who lacks the mental capacity to understand the nature and object of the proceedings around him, to consult with counsel, and to assist in preparing his defense, may not constitutionally be subjected to trial." *Biggs v. State*.[22] A defendant may seek a post-conviction hearing on the issue of competency at the time of trial. Id. at 630 (3). Once competency has been determined, "the appropriate standard of appellate review is whether after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found

---

[19] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[20] *Floyd v. State*, 263 Ga. App. 42, 43 (587 SE2d 203) (2003).
[21] *Thomas v. State*, 239 Ga. App. 460, 461 (2) (521 SE2d 397) (1999).
[22] *Biggs v. State*, 281 Ga. 627, 629 (3) (642 SE2d 74) (2007).

that the defendant failed to prove by a preponderance of the evidence that he was incompetent to stand trial." *Sims v. State.*[23]

At Robinson's sentencing hearing, a letter from a Jamaican psychiatrist was submitted, which indicated that in 2002, Robinson had been briefly hospitalized in Jamaica for mental health problems and had been diagnosed as suffering from paranoid schizophrenia. Based on this evidence, the trial court ordered that Robinson be further evaluated for competency and criminal responsibility. Following this evaluation, the State psychologist concluded that Robinson had been competent to stand trial and was criminally responsible for his actions. The evaluation also disagreed with the Jamaican psychiatrist's diagnosis of paranoid schizophrenia. In addition, the trial court noted that Robinson had shown no signs of mental illness or incompetency during trial. Under these circumstances, the trial court did not err in finding that Robinson had been competent to stand trial and that he was criminally responsible for his actions. See *Biggs*, supra, 281 Ga. at 631 (3). See also *Bowden v. State.*[24]

6. In two separate enumerations of error, Robinson seemingly contends that the trial court erred in failing to charge the jury on the lesser included offense for attempted arson and on aggravated assault as a predicate for other offenses. However, Robinson did not object or reserve objections to the jury charges and therefore has waived appellate review of those charges as given. *Wesson v. State.*[25] Regardless, the jury charges here were properly tailored to the indictment and adjusted to the evidence presented at trial. See id. Furthermore, because Robinson was acquitted of all three aggravated assault counts, the trial court's failure to charge the jury on aggravated assault as a predicate for any other offense, in addition to being wholly irrelevant here, is moot. See *Adams*, supra, 282 Ga. App. at 825 (6).

7. Robinson contends that the trial court erred in denying his general demurrer to the indictment. However, instead of challenging a specific count of the indictment, Robinson merely reasserts his claim that he was not provided with the restaurant's surveillance videotapes. Given our holding in Division 4, supra, this claim lacks factual basis.

8. Robinson also contends that the trial court erred in failing to find that he received ineffective assistance of counsel. Although he waived his right to counsel and elected to proceed pro se prior to

---

[23] *Sims v. State*, 279 Ga. 389, 391 (1) (614 SE2d 73) (2005).

[24] *Bowden v. State*, 250 Ga. 185, 187 (296 SE2d 576) (1982).

[25] *Wesson v. State*, 279 Ga. App. 428, 431 (1) (631 SE2d 451) (2006).

trial,[26] Robinson argues that his appointed counsel provided ineffective assistance *prior to his decision to proceed pro se*. Specifically, he claims that appointed counsel failed to meet with him for 20 months while he was incarcerated and failed to file a demand for a speedy trial.

"The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available. The failure to seize that opportunity is a bar to raising the issue at a later time." (Punctuation and footnote omitted.) *Gregory v. State*.[27] Here, at the hearing on his motion for new trial, Robinson attempted to raise the issue of his appointed counsel's pre-trial ineffectiveness but was cut off from making this argument by the trial court, apparently because the trial court mistakenly believed that he was attempting to argue his own ineffectiveness.[28] Under such circumstances, Robinson's ineffective assistance of counsel claim has been raised at the earliest practicable moment in this appeal. See id. Furthermore, because Robinson's claim that his appointed counsel provided pre-trial ineffective assistance cannot be resolved by the present record, we vacate the trial court's denial of his motion for new trial as to that claim and remand the case to the trial court for a hearing on that claim only.

*Judgment affirmed in part, vacated in part and case remanded. Ruffin and Bernes, JJ., concur.*

DECIDED NOVEMBER 2, 2007.

Courtney A. Robinson, *pro se*.

Daniel J. Porter, *District Attorney*, William C. Akins, *Assistant District Attorney*, for appellee.

---

[26] Because Robinson proceeded pro se at trial, he cannot raise an ineffective assistance of counsel claim with regard to issues that arose during trial. See *Lopez v. State*, 259 Ga. App. 720, 725 (7) (578 SE2d 304) (2003).

[27] *Gregory v. State*, 277 Ga. App. 664, 669 (5) (627 SE2d 79) (2006).

[28] In fact, while incarcerated prior to trial, Robinson wrote letters to both the trial court and the trial court clerk in which he complained of his appointed counsel's failure to meet with him or to file a demand for a speedy trial.