**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0512. SAUNDERS v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial at which Deborah Saunders acted pro se, she was convicted of criminal trespass. OCGA § 16-7-21 (a). Although the evidence was sufficient to support the conviction, the record does not show that Saunders intentionally relinquished her right to counsel, so we reverse. Given this disposition, we do not reach Saunders's other enumerations of error.

1. *Facts.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). So viewed, the evidence at trial showed that for at least a month Saunders lived in a

vacant rental house without the owner's permission; that she had changed the locks on the house; and that she refused to leave the house when asked to do so by the police. Although Saunders does not challenge the sufficiency of the evidence against her, we have reviewed the evidence and conclude that it was sufficient to sustain her conviction for criminal trespass under OCGA § 16-7-21 (a), which pertinently provides that "[a] person commits the offense of criminal trespass when he or she . . . knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person." See generally *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (evidence sufficient to support conviction if, viewed in light most favorable to prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis omitted).

2. *Right to counsel.*

"Both the federal and state constitutions guarantee a criminal defendant . . . the right to counsel[.]" *Wiggins v. State*, 298 Ga. 366, 368 (2) (782 SE2d 31) (2016) (citations omitted). "As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver." *Granville v. State*, 281 Ga. App. 465, 466 (2) (636 SE2d 173) (2006) (citation omitted). The state bears the burden of showing

2

waiver, *Wilson v. State*, 230 Ga. App. 74 (495 SE2d 330) (1997), and there is a presumption against waiver. See *Calloway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856) (1990) ("Waiver will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver.") (citations and punctuation omitted).

As detailed below, the record shows that the trial court attempted to raise the issue of counsel with Saunders on several occasions, but that Saunders neither expressly elected to represent herself nor requested counsel until the day of trial, when she objected to the proceedings because she did not have an attorney. At an initial arraignment hearing, the trial court informed Saunders and the other persons appearing for arraignment of their right to an attorney and the perils of proceeding without an attorney. The trial court instructed those present that when he called their names they should enter a plea and state whether they planned to hire a private attorney or wanted to apply for representation by the public defender. But when the trial court called Saunders's name, she did not enter a plea or make any statement regarding counsel; instead, she argued that the trial court lacked jurisdiction. After failing to get a response from Saunders to his questions, the trial court entered a plea of not guilty on her behalf but did not further address the issue of counsel.

3

At the start of another calendar call, the trial court mentioned that the public defender, who had momentarily stepped out of the courtroom, would be present. Later in the calendar call, the trial court gave Saunders what the trial court described as a "*Faretta* warning," see *Faretta v. California*, 422 U. S. 806, 835 (V) (95 SCt 2525, 45 LE2d 562) (1975) (requiring defendant seeking to represent himself to be made aware of dangers and disadvantages of self-representation), reminding her that she had a right to counsel and telling her that if she chose to disregard the warning she did so "at [her] own peril[.]" Saunders refused to sign an acknowledgment that she had received the warning, which she claimed not to understand. The trial court, however, found that Saunders had heard and understood the warning. During the calendar call, Saunders made no specific comment regarding counsel. Instead, she reiterated her challenge to the trial court's jurisdiction over her.

At a final plea calendar, the trial court made comments indicating that the public defender was present in the courtroom. When the trial court asked Saunders for her plea, she again refused to enter a plea and instead challenged the trial court's jurisdiction and asked that the case be dismissed. Over Saunders's objection, the trial court set the case for trial. Saunders made no comment regarding counsel at this calendar.

4

Finally, on the day of Saunders's trial, after more argument regarding the trial court's jurisdiction, Saunders argued that the trial should not go forward because she had not been offered a pro bono attorney. The trial court responded that Saunders had been given the opportunity to speak with a public defender at every calendar appearance but had failed to do so. Saunders again objected, stating that she did not waive any of her rights. Over this objection, the case proceeded to trial, with Saunders acting pro se.

In his order denying Saunders's motion for new trial, the trial court rejected Saunders's argument that her right to counsel had been violated, instead holding that Saunders had made a knowing and intelligent waiver of her right to counsel. See *McDaniel v. State*, 327 Ga. App. 673, 675 (1) (a) (761 SE2d 82) (2014) (trial court may make determination of whether defendant knowingly and voluntarily waived right to counsel in order on motion for new trial). In support of this holding, the trial court set forth his findings that Saunders was told she had a right to counsel and was made aware of the public defender, that she was warned of and understood the danger of proceeding without counsel, that she nevertheless proceeded without counsel, and that after the jury returned a guilty verdict she secured representation by the public

defender. The trial court did not find, and the record does not show, that Saunders ever asked to represent herself or stated that she waived her right to counsel.

The facts found by the trial court do not show that Saunders elected to represent herself. They merely show that she did not request or obtain counsel despite being told of her right to counsel and the perils of not having counsel. This was not enough to show waiver. As the United States Supreme Court explained in the seminal case of *Johnson v. Zerbst*, 304 U. S. 458 (58 SCt 1019, 82 LEd 1461) (1938), "courts indulge every reasonable presumption against waiver . . . and . . . we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an *intentional relinquishment* or abandonment of a known right or privilege." Id. at 464 (citations and punctuation omitted; emphasis supplied). The decision in *Johnson v. Zerbst* governs the determination of "whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981) (citation omitted). A showing of the accused's knowledge of the right to counsel is not enough; there must also be evidence of relinquishment of that right. *Granville*, 281 Ga. App. at 466 (2); *Hasty v. State*, 215 Ga. App. 155, 159 (2) (450 SE2d 278) (1994). "Merely finding that a request for counsel was not made is insufficient to establish waiver. Where the

6

assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984) (citation and punctuation omitted); accord *Granville*, supra at 466 (2).

We are sympathetic to the plight of the trial court, who was faced with a pro se defendant who would not engage on the issue of counsel. But given the presumption against waiver, the facts cited by the trial court — which amount to no more than Saunders's failure to request or obtain counsel despite knowing of her right to counsel and the perils of self-representation — do not show that Saunders intentionally relinquished her constitutional right to counsel.[1]

Moreover, the state has not shown that it was harmless to require Saunders to represent herself at trial when she had not waived her right to counsel. "We have repeatedly found that the trial court's failure to establish a valid waiver of counsel was not harmless where the record showed that the defendant did not mount an able

---

[1] Although the record in this case does not show that Saunders intentionally relinquished her right to counsel, we can foresee situations where a defendant could waive the right to counsel by her actions rather than words. For example, if the defendant was not indigent and was not entitled to have the state provide counsel to her, and the trial court had made it clear that if she proceeded forward without an attorney that she would waive her right to have an attorney represent her, then our decision in this case may have been different. But in that Saunders is represented on appeal by a public defender, she obviously is indigent and was entitled to an attorney at the state's expense.

7

defense — even though the evidence of guilt was ample." *Martin-Argaw v. State*, 343 Ga. App. 864, 871 (2) (806 SE2d 247) (2017) (citation and punctuation omitted). Saunders did not mount an able defense. Among other things, the trial transcript shows that the prosecutor made myriad successful objections throughout Saunders's direct and cross examinations of witnesses, and her inability to address the problems with her examinations appeared to have impeded Saunders from presenting her theory of defense.

For these reasons, on the record before us, we see no option other than to return this case to the trial court, for the trial court to inquire as to whether Saunders wants an attorney from that point forward, and whatever her election, for the case to be retried. We therefore reverse.

3. *Remaining claims of error.*

Because we reverse for the reasons set forth in Division 2, we decline to address Saunders's remaining claims of error.

*Judgment reversed. Ray and Rickman, JJ., concur*.