## A98A1333. WILSON v. THE STATE.
### (506 SE2d 882)

SMITH, Judge.

James R. Wilson was indicted by a Floyd County grand jury on six counts of child molestation involving six young girls. He was acquitted on two counts and convicted on the remaining four. His motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Wilson asserts that the trial court erred in failing to direct a verdict as to Count 6 of the indictment, charging that he committed child molestation by touching and fondling the vagina of the victim and by soliciting her to engage in oral sex. He contends that mere verbal solicitation of sodomy does not constitute child molestation. This contention is foreclosed by this Court's recent decision in *Bowman v. State*, 227 Ga. App. 598, 600 (490 SE2d 163) (1997), holding that verbal solicitation of a child to perform sexual acts violates the statute. The recent decision of *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998), is distinguishable as it involves the solicitation of sex by telephone, not "in the presence of" the child victim.

Moreover, Count 6 of the indictment also charges Wilson with committing child molestation by touching and fondling. If a crime may be committed in more than one way, it is sufficient for the State to show that it was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form. *Gordon v. State*, 199 Ga. App. 704, 705 (1) (406 SE2d 110) (1991). The evidence was sufficient to show that Wilson violated the statute prohibiting child molestation in at least one of the ways alleged in the indictment.

At trial, this victim recanted her testimony and testified she fabricated the accusation at the suggestion of a friend. But in a videotaped interview, which was played for the jury, the victim stated that she woke up from a nap to find Wilson standing over her and that he admitted to her that he touched her between the legs. The victim made statements to other witnesses consistent with her videotaped statement; others also witnessed sexually inappropriate language and conduct by Wilson to the victim, including several requests for

oral sex. This evidence, taken as a whole, was sufficient to support Wilson's conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Kapua v. State*, 228 Ga. App. 193, 194-195 (491 SE2d 387) (1997) (child's videotaped statements and statements to others sufficient to support conviction for child molestation and cruelty to children). See also *McCormick v. State*, 228 Ga. App. 467 (1) (491 SE2d 903) (1997) (notwithstanding victim's recantation, conviction authorized by videotaped interview, victim's statements to others, and similar transaction evidence).

2. Wilson also enumerates as error the trial court's failure to direct a verdict of acquittal as to Count 5 of the indictment, contending that his conviction on that count is inconsistent with his acquittal on Count 4 because the testimony of the same witness was presented by the State in support of both counts. But the jury was authorized to believe parts of the witness's testimony and reject other parts. *Hicks v. State*, 221 Ga. App. 735, 736 (1) (472 SE2d 474) (1996). Moreover, we have noted on many occasions that the inconsistent verdict rule was abolished in criminal cases by the Supreme Court in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). "As the Supreme Court held in *Dennis v. State*, 263 Ga. 257, 259 (3) (430 SE2d 742) (1993), 'consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment.' (Citations and punctuation omitted.)" *Walker v. State*, 215 Ga. App. 790, 791 (1) (452 SE2d 580) (1994). This enumeration of error is without merit.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1998.

*James C. Wyatt*, for appellant.
*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.