## A03A1726. TUCKER v. THE STATE.
### (592 SE2d 521)

ADAMS, Judge.

Daniel Dale Tucker entered a guilty plea to one count of child molestation and one count of aggravated child molestation and was sentenced to serve twenty years on each count, to run concurrently. The trial court denied his motion to modify his sentence, and this appeal followed.

1. Tucker first contends the trial court erred in refusing to discharge his court-appointed lawyer despite his frequent requests to do so, arguing that he had a right to represent himself, proceed without an attorney, or retain an attorney of his own choosing.

As to this issue, the record shows that Tucker was allowed to withdraw his first guilty plea prior to sentencing after he indicated he wanted to withdraw his plea and that he wanted to discharge his court-appointed attorney. Tucker informed the trial court during that hearing that he could not afford to retain an attorney. The court indicated it would seek the advice of the Chief Judge concerning whether

---

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

another attorney would be appointed to represent Tucker. However, it appears from the record that the original court-appointed attorney continued to represent Tucker, and that during a hearing on May 10, 2002, Tucker again requested that this attorney be discharged, contending that his attorney had lied to him about his right to a bench trial. The trial court advised Tucker that although he could discharge his attorney if he wanted, he did not necessarily have the right to have another attorney appointed and that he might be forced to go to trial without an attorney. Tucker indicated he did not want to represent himself and could not retain an attorney, but felt that he could not trust his court-appointed attorney because of his statement about the bench trial. Upon questioning by the trial court, his attorney indicated that he did not recall making the statement. After a discussion with the prosecuting attorney about continuing the proceedings, the trial court indicated that it would take the matter under advisement and revisit the issue later that morning. Although nothing further appears on the record, on May 31, 2002, Tucker appeared at a guilty plea hearing with his original court-appointed attorney. Tucker responded affirmatively when asked if he was satisfied with his attorney, gave a negative response when asked if there was anything his attorney needed to do that he had not done, and responded affirmatively again when asked if he was completely satisfied with this attorney. Tucker also indicated that he was entering his plea freely and voluntarily and without threats, promises, or agreements.

Although Tucker argues on appeal that he should have been allowed to retain another attorney or to represent himself, it is clear from the record that Tucker was offered these options and clearly indicated his inability to do either. Thus, these arguments are without merit. *Lovelace v. State*, 262 Ga. App. 690, 692 (3) (586 SE2d 386) (2003) (trial court did not prevent defendant from representing himself; rather defendant admitted he could not do so).

Moreover,

> there was no error arising in this indigent defendant being confronted with choosing between representation by the appointed defense counsel and proceeding pro se. While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. [Cit.] A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court.

*Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987). "If a defendant does not show good cause for discharging his appointed

attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se." (Footnote omitted.) *Hickey v. State*, 259 Ga. App. 240, 243 (2) (a) (576 SE2d 628) (2003).

In this case, Tucker's main complaint is that his attorney lied to him about having the option of a bench trial. But Tucker knew he could have a bench trial at the time he withdrew his original guilty plea, and his case was, in fact, subsequently placed on a trial calendar, although at some point Tucker obviously chose not to go forward with his scheduled trial and to enter another guilty plea. Tucker has not argued, and nothing in the record suggests, that his appointed counsel prevented him from going forward with his trial, and at the guilty plea hearing, he indicated his satisfaction with his attorney and that he was entering his plea freely and voluntarily. We find no abuse of discretion under the facts of this case. *Durham*, 185 Ga. App. at 164 (1).

2. Based on the foregoing, it is unnecessary for us to address Tucker's additional argument that his guilty plea was "tainted" by the trial court's erroneous refusal to allow him to discharge his attorney.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 19, 2003.

*Ronald L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, Andrew W. Pope, Assistant District Attorney*, for appellee.