S08G0504. THE STATE v. EVANS.

(673 SE2d 243)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Evans v. State*, 288 Ga. App. 304 (653 SE2d 503) (2007), to determine whether the Court of Appeals correctly reversed the trial court's decision to allow Gregory Evans to represent himself at trial. Finding that the Court of Appeals erred, we reverse.

Evans, with his wife, was found in an unoccupied residence. He told the investigating police officers that his name was "Curtis Allen" Evans; items from the house were found in his car, and he was indicted for one count of burglary and one count of giving a false name to a law enforcement officer. Before trial, Evans requested that his appointed counsel be dismissed and that he be allowed to represent himself. After extensive questioning, the trial court declared that it would deny Evans's request to represent himself. Evans insisted that he wished to do so and stated that he did not want to be "denied my Sixth Amendment right . . . to represent myself." After further discussion, the court agreed to allow Evans to represent himself. He did so in his jury trial and was convicted on both counts.

On appeal, the Court of Appeals reversed the convictions, ruling that, under *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d

562) (1975), and its progeny, the trial court had not made sufficient inquiries of Evans, and had not explained certain legal concepts to him, so as to justify allowing him to represent himself at trial. Of course, "[b]oth the federal and state constitutions guarantee a criminal defendant the right to self-representation. See *Faretta* [supra]; 1983 Ga. Const., Art. I, Sec. I, Par. XII." *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). To be valid, a defendant's waiver of his right to be represented by counsel must be knowingly and intelligently made. *Faretta*, supra at 835 (V). "Under *Faretta* the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Lamar v. State*, 278 Ga. 150, 152 (1) (b) (598 SE2d 488) (2004) (citations and punctuation omitted).

In reversing the trial court, the Court of Appeals relied upon prior statements of that Court that

> to effect a valid waiver, the trial court should advise the defendant of (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter.

*Evans*, supra at 307 (1) (citation omitted). And, examining this "six-part test," the Court of Appeals declared that the trial court erred in its discharge of these imposed responsibilities, stating that

> the trial court failed to discuss with Evans any lesser included offense. The trial court also failed to explain to Evans either the element of intent or the fact that he could be convicted as a party to that crime, even though both of these principles related directly to the defense theories articulated by Evans.

*Evans*, supra at 307 (1).

However, regarding this six-part test, this Court has held that it is not incumbent upon the trial court to address each of the six points with the defendant. *Wayne v. State*, 269 Ga. 36, 38 (2) (495 SE2d 34) (1998). Rather, "[t]he record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." *Jones v. State*, 272 Ga. 884, 886 (2) (536 SE2d 511) (2000) (citations and punctuation omitted). We take this opportunity to again reiterate that the rote application of the six-part test used by the Court of Appeals is not mandated, and

a defendant's waiver of his right to counsel is valid if the record reflects that the defendant "was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver."[1] Id. Nor is it required that the trial court probe the defendant's case and advise the defendant as to legal strategies to ensure that a waiver is intelligently made. Indeed, the defendant's "technical legal knowledge" is irrelevant to the question of whether he validly waives his right to be represented by counsel. *Lamar*, supra at 153. "The test is not whether the accused is capable of good lawyering — but whether he knowingly and intelligently waives his right to counsel." *Wayne*, supra.

And the record of the lengthy *Faretta* hearing shows that Evans's waiver of his right to counsel was made knowingly and intelligently. The trial court repeatedly cautioned Evans about the dangers of self-representation, and discussed the benefits of having qualified counsel representing him, and Evans clearly understood what he was undertaking, as evidenced by this exchange with the trial court, among others:

> EVANS: . . . you're telling me about all the downfalls of this case as far as representing myself. You're giving me all the points and the blows that I'm going to have to take representing myself, and I feel as though it's a whole lot to take on if you're not knowledgeable about the law.
> TRIAL COURT: It is.
>
> . . .
>
> EVANS: Okay. And I'm saying back to you I am knowledgeable about the law. In this case I said that, you know, I am ready to represent myself. . . .

On several other occasions during the hearing, Evans informed the court that he had spent the last five months "studying the law" regarding his case and that he had "done [his] homework." While Evans's statements at the hearing may not have demonstrated that he was capable of "good lawyering," they did demonstrate that he was knowingly and intelligently waiving his right to be represented by counsel. *Wayne*, supra.[2]

*Judgment reversed. All the Justices concur.*

---

[1] Other opinions of the Court of Appeals have recognized this Court's precedent reminding the courts of this State that the six-part test is not mandated. See, e.g., *Annaswamy v. State*, 284 Ga. App. 6 (1) (642 SE2d 917) (2007); *Bollinger v. State*, 272 Ga. App. 688 (1) (613 SE2d 209) (2005).

[2] Even on the grounds that the Court of Appeals focused upon under its six-part test, the record reveals that Evans clearly understood the concepts of lesser included offenses and intent; he suggested during the hearing that he may be guilty of "criminal trespass and theft

DECIDED FEBRUARY 23, 2009.

*David McDade, District Attorney, James A. Dooley, Jeffrey L. Ballew, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellant.

*Peters, Roberts, Reynolds & Erickson, M. Paul Reynolds, Mary Erickson,* for appellee.

---

by receiving," but not burglary because he "didn't intend to do anything except seek shelter."