## A11A0461. CAIN v. THE STATE.

(714 SE2d 65)

DOYLE, Judge.

A Fulton County jury found Jimmy Eugene Cain guilty of two counts of child molestation.[1] He was sentenced to two consecutive life sentences. Following the denial of his motion for new trial, Cain filed this appeal, contending that (1) he did not knowingly waive his right to trial counsel during voir dire, and (2) the indictment was fatally defective in that each count contained two crimes. For the reasons that follow, we affirm Cain's convictions.

1. Cain contends that the court erred by denying his motion for a continuance to obtain counsel to replace his fourth appointed counsel on the first day of trial, thereby forcing him to represent himself during voir dire with inadequate warning about the dangers of self-representation. We discern no reversible error.

A criminal defendant facing imprisonment has a Sixth Amendment right to assistance of counsel at trial, but the defendant also has a fundamental right to represent himself "when he voluntarily and intelligently elects to do so."[2] "The determination of whether there has been an intelligent waiver of the right to counsel must depend . . . upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."[3] The trial judge has the serious and weighty responsibility of determining whether the accused has intelligently waived his right to counsel.[4] Although no magic words or particular questions are required to effect a valid waiver, the record must "reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver."[5] Furthermore, "it is not required that the trial court probe the defendant's case and advise the defendant as to legal strategies to ensure that a waiver is intelligently made."[6]

Here, the record shows that at the beginning of trial, Cain, speaking for himself, asked the court for a continuance so that his family could obtain private counsel for him. The trial court reminded Cain of his access to a series of four attorneys who had been appointed to represent him, three of whom Cain had subsequently

---

[1] OCGA § 16-6-4 (a).

[2] (Punctuation omitted.) *Clarke v. Zant*, 247 Ga. 194, 195 (275 SE2d 49) (1981).

[3] (Punctuation omitted.) *Joyner v. State*, 278 Ga. App. 60, 63 (4) (a) (628 SE2d 186) (2006), quoting *Clarke*, 247 Ga. at 196.

[4] See *Bradley v. State*, 298 Ga. App. 384, 385 (1) (680 SE2d 489) (2009), quoting *Bollinger v. State*, 272 Ga. App. 688, 689 (1) (613 SE2d 209) (2005).

[5] *State v. Evans*, 285 Ga. 67, 68 (673 SE2d 243) (2009).

[6] (Punctuation omitted.) *Bradley*, 298 Ga. App. at 385 (1).

dismissed. The court then denied Cain's motion for a continuance because there was "no guarantee that [Cain would] not fire that lawyer. . . ." Cain stated that he could not represent himself and complained of his prior counsels' representation. The court informed Cain that, "You take the lawyer that you are given or you represent yourself. You decided on four occasions that you don't want the lawyer that you are given, so your only option that you've given yourself is to represent yourself. We are going forward with this trial."

Thereafter, the trial court confirmed that Cain did not want his currently assigned lawyer, Andrews, to represent him as lead counsel in the trial, and Cain agreed. Nevertheless, the trial court kept Andrews as standby counsel to assist Cain as needed. The prosecutor notified Cain and the court that the State was seeking a life sentence because of Cain's prior convictions. After rejecting a 20-year plea offer in court, Cain acknowledged that he was aware that he faced a life sentence for each count of the indictment. The court also warned Cain that his prior convictions could be used against him at sentencing and to impeach him if he took the witness stand.

When the judge described his procedure for voir dire, he referenced one aspect of the dangers of self-representation due to its potential negative perception by jurors. The judge specifically instructed the jury panel that it should not "make any adverse conclusions or inferences from [Cain] choosing to defend himself or his non-lawyer blunders, if there are any. . . ." The judge told Cain to understand that he has "a certain amount of anxiety when it comes to pro se litigants because [Cain is] not a lawyer." During voir dire, Cain conducted the individual questioning for the defense. Andrews acted as counsel in various instances, such as during bench conferences and striking jurors. On the next day of trial, at Cain's request, Andrews resumed his role as lead trial counsel.

Based on this record, we discern no reversible error.[7] The court had emphasized the importance of counsel when telling Cain that he was offered the "full benefit of counsel" from four attorneys. The court also indicated that jurors may make "adverse conclusions or inferences from [Cain] choosing to defend himself," as well as the possibility that Cain would commit "non-lawyer blunders." Furthermore, the court expressed "anxiety when it comes to pro se litigants because [Cain is] not a lawyer." Additionally, the court informed Cain that he was facing up to life in prison for each child molestation and that his prior convictions could be used at sentencing and to impeach him in front of the jury.

---

[7] See *Bradley*, 298 Ga. App. at 386 (1).

Moreover,

> [u]nder the circumstances, the trial court was authorized to conclude that [Cain] was attempting to use the discharge and employment of other counsel as a dilatory tactic, which was the functional equivalent of a knowing and voluntary waiver of appointed counsel. In such instances, the trial court may proceed to trial with the defendant representing himself.[8]

Cain's discharge of three prior attorneys and his attempt to discharge a fourth on the first day of trial support the trial court's exercise of its discretion not to further continue the trial.

> A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court. If a defendant does not show good cause for discharging his appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se.[9]

Cain has not demonstrated how his request to discharge his fourth appointed attorney was supported by good cause.

Finally, any deficiency in the trial court's warning as to the dangers of self-representation was harmless under the facts before us. Standby counsel "provided assistance regarding procedural matters [prior to] trial, so that the defendant did not [conduct the proceedings] alone with no assistance or protection of his rights."[10] Standby counsel participated in bench conferences and moved to strike various jurors on behalf of Cain.[11] Thereafter, during the trial itself, Cain was fully represented by appointed counsel, whose representation Cain does not challenge on appeal. Thus, the enumeration presents no basis for reversal.

2. Cain argues that the indictment was fatally flawed because it alleged more than one crime in each count. Cain was charged with the crime of child molestation, which is defined as follows:

> A person commits the offense of child molestation when

---

[8] (Punctuation omitted.) *Hobson v. State*, 266 Ga. 638 (2) (469 SE2d 188) (1996).

[9] (Citation and punctuation omitted.) *Tucker v. State*, 264 Ga. App. 872, 873-874 (1) (592 SE2d 521) (2003).

[10] (Punctuation omitted.) *Granville v. State*, 281 Ga. App. 465, 468 (2) (636 SE2d 173) (2006). See also *Davis v. State*, 257 Ga. App. 500, 502 (1) (571 SE2d 497) (2002).

[11] See *Granville*, 281 Ga. App. at 468 (2).

such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . .[12]

Count 5 of Cain's indictment alleged that

Cain . . . did unlawfully commit an immoral and indecent act to, with and in the presence of [A. D.], a child under the age of sixteen years, by placing accused's finger upon and into the female sex organ of [A. D.] and by rubbing the buttocks of [A. D.] with accused's hand, with intent to arouse and satisfy accused's sexual desire. . . .

Count 6 of the indictment alleged that

Cain . . . did unlawfully commit an immoral and indecent act to, with and in the presence of [B. H.], a child under the age of sixteen years, by rubbing the buttocks of [B. H.] with accused's hand and asking her if she knew about oral sex, with intent to arouse and satisfy accused's sexual desires. . . .

"If a crime may be committed in more than one way, it is sufficient for the State to show that it was committed in any one of the separate ways listed in the indictment, even if[, as here,] the indictment uses the conjunctive rather than disjunctive form."[13] Here, Cain's behavior in the indictments occurred during the time alleged in the indictments, and the evidence, including testimony from the victims, was sufficient to show that Cain committed child molestation in at least one of the ways alleged in the indictments.[14] Therefore, this enumeration of error is without merit.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 1, 2011.

*Adam M. Hames,* for appellant.

---

[12] OCGA § 16-6-4 (a).

[13] *Wilson v. State,* 234 Ga. App. 375 (1) (506 SE2d 882) (1998).

[14] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wilson,* 234 Ga. App. at 375 (1).

446

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.