**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

September 21, 2012

# In the Court of Appeals of Georgia

A12A1096. COX v. THE STATE.

PHIPPS, Presiding Judge.

After a bench trial in which he represented himself, Elree Cox was convicted of three counts of aggravated assault, two counts of terroristic threats, and one count of false imprisonment. He appeals, asserting that his waiver of the right to be represented at trial by counsel was not knowing and intelligent. Because the trial court did not abuse its discretion in finding that Cox's waiver of the right to counsel was valid, we affirm.

Cox contends that he did not knowingly and intelligently waive his right to counsel because he "was not sufficiently made aware of the inherent dangers of self-representation at trial."

A criminal defendant facing imprisonment has a Sixth Amendment right to assistance of counsel at trial, but the defendant also has a fundamental right to represent himself when he voluntarily and intelligently elects to do so. The determination of whether there has been an intelligent waiver of the right to counsel must depend . . . upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. The trial judge has the serious and weighty responsibility of determining whether the accused has intelligently waived his right to counsel.[1]

The trial court's ruling as to whether the defendant's waiver of the right to counsel was valid is reviewed for abuse of discretion.[2]

In order to determine whether a defendant has validly waived his right to an attorney, this Court generally inquires into whether the trial court has advised the defendant of (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter.[3]

---

[1] *Cain v. State,* 310 Ga. App. 442 (1) (714 SE2d 65) (2011) (punctuation and footnotes omitted).

[2] *Ledford v. State,* 247 Ga. App. 885, 887 (545 SE2d 396) (2001).

[3] *Bradley v. State,* 298 Ga. App. 384, 385 (1) (680 SE2d 489) (2009) (punctuation omitted).

The trial court is not required to address each of these points with the defendant; "[r]ather, the record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver."[4] The trial court "must apprise the defendant of the dangers and disadvantages inherent in representing himself so the record will establish that he knows what he is doing and his choice is made with eyes open."[5] The court is not required to probe the defendant's case and advise him as to legal strategies to ensure that a waiver is intelligently made.[6] Whether the defendant has technical legal knowledge is irrelevant to the validity of the waiver, as "[t]he test is not whether the accused is capable of good lawyering - but whether he knowingly and intelligently waives his right to counsel."[7] "The state has the burden of demonstrating that the

---

[4] *State v. Evans*, 285 Ga. 67, 68-69 (673 SE2d 243) (2009) (citation omitted); *Wayne v. State*, 269 Ga. 36, 37-38 (2) (495 SE2d 34) (1998); *Bradley*, supra.

[5] *Evans*, supra at 68 (citation and punctuation omitted).

[6] *Cain*, supra; *Bradley*, supra.

[7] *Evans*, supra at 69 (citations and punctuation omitted).

3

defendant received sufficient information and guidance from the trial court to make a knowing and intelligent waiver" of the right to counsel.[8]

At a pre-trial hearing, Cox's counsel informed the trial court that Cox had expressed his desire to represent himself at trial and to have counsel assist him in a "standby" capacity, and that defense counsel had discussed the matter at length with Cox, cautioning him about self-representation.

The court asked Cox whether it was his desire to represent himself. Cox replied that it was. The court then counseled Cox about the dangers of representing himself at trial, explaining to him that, as a non-attorney, Cox might not know what legal objections to make at trial, what legal issues were presented, or what questions to ask standby counsel; that standby counsel would not be representing him; that Cox would be "on [his] own to figure out what legal issues present[ed] themselves"; that the trial court would not be able to assist him or to "point [Cox] in the right direction"; that it "would not be up to [the court] to make sure that [Cox] did a good job representing [him]self. If [Cox] did an absolutely horrible job, did not raise any legal objections, that would be a risk [Cox] would be taking and nobody would be there to assist [him]

---

[8] *Cook v. State*, 297 Ga. App. 701-702 (678 SE2d 160) (2009) (citation omitted).

other than [standby counsel], if [Cox] knew to ask him a question." The court repeatedly asked Cox if he understood the warnings and, each time, Cox replied affirmatively.

Then, at the court's request, the prosecutor announced the charges on which Cox had been indicted and the possible sentences he faced if convicted. The court remarked that each of the charges carried "a considerable sentence," and asked Cox if he understood. Cox again answered affirmatively. The court asked Cox if he wanted to represent himself rather than be represented by "a seasoned trial attorney." Cox reiterated that he wanted to represent himself, with the assistance of standby counsel. The court told Cox that standby counsel would not tell him how to try the case, but would advise him when he had questions, "on an as-needed basis." After making this inquiry, the court found that Cox had been advised of his right to counsel, but that he had chosen to represent himself.

At the same hearing, concerning stipulations that defense counsel and the prosecutor had previously discussed, the court stated that the matter was no longer up to defense counsel to resolve, that it would be "up to Mr. Cox now to work through those legal issues."

5

In a later pre-trial hearing, the court again inquired whether it was Cox's desire to represent himself at trial. Cox replied, "Yes, Your Honor." The court remarked: "It's a bad idea to represent yourself. I'm strongly advising you against it. There are dangers and inherent disadvantages to not being trained in the law and trying to admit evidence and make proper objections. Do you understand that?" Cox replied that he did. The court added:

> Even in terms of getting witnesses to trial, if you had witnesses, if they're not properly subpoenaed, that would be on you. And [defense counsel] knows how to do all those things - to subpoena witnesses, to phrase proper questions that are not objectionable, and to make proper objections - he's schooled in all of that and has done a lot of it, and you have not. You still want to represent yourself?

Cox replied, "Yes, I do."

At the beginning of the trial, the prosecutor remarked that Cox had elected to represent himself and that standby counsel was present at the defense table. Cox affirmed that he was ready to proceed.

On appeal, Cox asserts that his election to waive counsel was not knowing and intelligent because the trial court failed to discuss with him "in great length . . . the specific dangers of self-representation." More specifically, Cox argues that the court

6

failed to discuss with him each of the six factors listed in *Bradley*,[9] and did not discuss available defenses, the indictment, pre-trial motions, discovery, hearsay or sentencing issues, lesser-included offenses, or his education, background and experience.

However, the trial court was not required to address with Cox each of the six factors suggested in *Bradley*.[10] Indeed, "no magic words or particular questions [were] required to effect a valid waiver."[11] What is required is that the record show that Cox was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver.[12] Here, the court cautioned Cox specifically and at great length about the dangers of representing himself and the limits on assistance that would be provided to him by standby counsel and the court, the benefits of being represented by experienced counsel, and the lengthy sentences he faced if convicted. Cox indicated, without equivocation, that he understood the court's warnings and accepted the dangers of representing himself. Thus, the record reflects that Cox was

---

[9] Supra.

[10] Supra; see *Evans,* supra at 68.

[11] *Cain,* supra.

[12] See *Evans,* supra; *Wayne,* supra.

made aware of the dangers of representing himself at trial and nevertheless knowingly and intelligently waived his right to trial counsel. The trial court did not abuse its discretion in finding that Cox's waiver was valid.[13]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[13] See *Hill v. State*, 298 Ga. App. 677, 681-682 (3) (680 SE2d 702) (2009); see also *Wayne*, supra; *Allen v. State*, 273 Ga. App. 227, 229-230 (1) (614 SE2d 857) (2005); *Shavers v. State*, 179 Ga. App. 45, 46 (1) (345 SE2d 134) (1986). Compare *Davis v. State*, 279 Ga. App. 628, 631 (1) (631 SE2d 815) (2006).