**SECOND DIVISION
MILLER, P. J.,
BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 11, 2019**

# In the Court of Appeals of Georgia

A18A2088. RENFRO v. THE STATE.                         GS-065C

GOSS, Judge.

On appeal from his conviction after a bench trial on charges of rape, incest, aggravated child molestation and child molestation, Kado Renfro asserts that he was deprived of his right to counsel when the trial court allowed him to represent himself, that he received ineffective assistance from his pretrial counsel, and that the court erred in admitting evidence of other acts under OCGA § 24-4-413. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but

determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Thus viewed in favor of the judgment, the record shows that the victim, Renfro's biological daughter, was born in 2000 and spent her early childhood in Illinois, where Renfro began molesting her when she was four or five years old. Between 2005 and 2011, Illinois courts barred Renfro from having any contact with the victim. In 2011, however, Renfro petitioned for and received the right to visitation with the victim and her brother. In June 2012, Renfro moved to Duluth, Georgia. In late 2012, Renfro drove to Illinois, picked up the victim, and drove her back to Duluth. During this trip, Renfro molested and raped the victim.

In early April 2014, the victim again visited Duluth, during which visit Renfro forced her to give and receive oral sex and to have intercourse, during which Renfro told the victim, "When I'm doing this to you, you're not my daughter, you're my lover." Renfro eventually ejaculated onto the victim's back, and the victim suffered from bleeding afterwards. That night, Renfro admitted to his wife, daughter, and son that he had been molesting the victim for some time. He explained that he had

2

targeted the victim because she was the product of a "sinful" or "satanic" relationship and that she and her brother were "made to be sex slaves." On their return to Illinois, the brother told the children's mother about Renfro's admissions, after which the mother called the police and obtained a medical examination, which showed that the victim had blood in her urine consistent with a sexual assault.

Renfro was arrested and charged with rape, incest, two counts of aggravated child molestation, and one count of child molestation, all arising from his April 2014 contact with the victim. Before trial, the State filed notices of its intention to introduce evidence that Renfro had previously molested or raped the victim's brother and stepsister as well as two daughters of family friends from Illinois. At trial, the victim, her brother, and the two other girls testified as to the details of these incidents. At the conclusion of the bench trial, Renfro was found guilty on all charges, convicted, and sentenced to life in prison. His motion for new trial was denied.

1. Although Renfro does not dispute the sufficiency of the evidence against him, we have reviewed the record and conclude that the evidence is indeed sufficient to sustain his conviction. See OCGA §§ 16-6-1 (defining rape); 16-6-22 (defining incest); 16-6-4 (a), (c) (defining child molestation and aggravated child molestation); *Jackson*, supra.

2. Renfro first asserts that his right to counsel was violated when the trial court allowed him to represent himself at trial. We disagree.

> Although a criminal defendant has a Sixth Amendment right to assistance of counsel at trial, the defendant also has the constitutional right to represent himself, as long as he voluntarily, knowingly, and intelligently elects to waive the right to counsel. To establish a valid waiver, the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will show that he knows what he is doing and his choice is made with eyes open.

(Citations and punctuation omitted.) *Davis v. State*, 304 Ga. App. 355, 359 (2) (a) (696 SE2d 381) (2010); see also *Faretta v. California*, 422 U. S. 806, 807, 835 (V) (95 SCt 2525, 45 LE2d 562) (1975). "[A] defendant's waiver of his right to counsel is valid if the record reflects that the defendant was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." (Citation, punctuation and footnote omitted.) *State v. Evans*, 285 Ga. 67, 69 (673 SE2d 243) (2009).

> [It is not] required that the trial court probe the defendant's case and advise the defendant as to legal strategies to ensure that a waiver is intelligently made. Indeed, the defendant's technical legal knowledge is irrelevant to the question of whether he validly waives his right to be

4

represented by counsel. The test is not whether the accused is capable of good lawyering[,] but whether he knowingly and intelligently waives his right to counsel.

(Citations and punctuation omitted.) Id. Although the State has the burden of showing that a defendant "received sufficient information and guidance from the trial court to make a knowing and intelligent waiver" of the right to trial counsel, a trial court's ruling on this issue is reviewed only for an abuse of discretion. (Footnotes omitted.) *Cox v. State*, 317 Ga. App. 654, 654-655 (732 SE2d 321) (2012).

This record shows that after learning that Renfro intended to represent himself, the trial court devoted substantial time and effort to ensuring that he understood the dangers of proceeding thus. Specifically, the trial court warned Renfro from the outset that self-representation was "always a bad idea," that Renfro should not represent himself, and that defendants with so-called "sovereign citizen" beliefs such as his had never been successful; provided Renfro with a copy of the indictment, to which Renfro responded that he had "familiarized [himself] with the statutory elements necessary to prove all" the charges; asked whether Renfro understood the lesser-included offenses of the charged crimes, and specifically suggested that he should examine the lesser-included offenses to rape and aggravated child molestation; and

5

confirmed that Renfro did not suffer from any mental disabilities or impairments and had some experience representing himself. The record also shows that the trial court authorized Renfro to keep his previously appointed counsel as stand-by counsel, and that Renfro availed himself of this resource throughout the trial. Under these circumstances, the trial court did not abuse its discretion when it concluded that Renfro had knowingly and intelligently waived his right to trial counsel. *Cox*, 317 Ga. App. at 656-657 (no abuse of discretion in trial court's determination that defendant had knowingly and intelligently waived his right to counsel when the record amply supported that determination).

3. Although Renfro asserts that his pretrial and stand-by counsel was ineffective during the case evaluation and investigation phase, the record shows that counsel moved for a continuance at the outset of trial on the ground that Renfro was incompetent. Renfro "objected" to the motion, which the trial court denied after determining that Renfro had not received any diagnosis or treatment for mental illness. As we have held in Division 1, the trial court did not abuse its discretion when it authorized Renfro to present his own defense. As the Supreme Court of Georgia has long held, moreover,

6

when a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.

*Mullins v. Lavoie*, 249 Ga. 411, 412 (290 SE2d 472) (1982). Under these circumstances, which include Renfro's rejection of stand-by counsel's advice to delay the trial and the trial court's repeated warnings that he should not represent himself, Renfro is barred from asserting his own ineffectiveness on appeal. Id.; see also *Kegler v. State*, 267 Ga. 147, 148 (2) (475 SE2d 593) (1996).

4. Renfro also asserts that the trial court erred when it admitted evidence as to his prior sexual offenses as authorized by OCGA § 24-4-413[1] because the evidence of intent in the case-in-chief was so overwhelming that no additional proof on that subject was required. We cannot agree.

Although Renfro has provided citations to the State's notices of intent to introduce these as additional evidence, he has failed to provide citations to any

---

[1] OCGA § 24-4-413 (a) provides in relevant part: "In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault *shall be admissible* and may be considered for its bearing on any matter to which it is relevant." (Emphasis supplied.)

relevant portion of the trial transcript or record, as he is required to do in order to make a showing that the trial court erred when it admitted the evidence at issue, or to any law construing OCGA § 24-4-413. We remind counsel that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration." Court of Appeals Rule 25 (c) (2) (i). Under these circumstances, we deem this assertion of error abandoned. Id.

*Judgment affirmed. Miller, P. J., and Brown, J., concur.*