**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 1, 2022**

# In the Court of Appeals of Georgia

A21A1695. BRITT v. THE STATE.

MERCIER, Judge.

David Britt entered a negotiated guilty plea, pursuant to *Alford*[1], upon an indictment charging him with failure to register as a sex offender. Thereafter, he filed a pro se motion to withdraw his guilty plea, which the trial court denied. In his only claimed error, Britt argues that the trial court erred by allowing him to proceed pro se during the hearing on his motion to withdraw his guilty plea. Because Britt was not informed of the dangers of self-representation during the plea withdrawal proceedings, we reverse and remand.

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

A "trial court's ruling as to whether the defendant's waiver of the right to counsel was valid is reviewed for abuse of discretion." *Cox v. State*, 317 Ga. App. 654, 654 (732 SE2d 321) (2012) (footnote omitted).

At a pre-trial hearing, the trial court discussed with Britt his desire to represent himself. Britt expressed his dissatisfaction with the public defender assigned to his case. The trial court informed Britt that while he had a constitutional right to counsel, he did not have a constitutional right to counsel of his choosing. After questioning Britt, the trial court allowed him to represent himself but warned him of the potential dangers. The trial court did not mention the post-conviction process during its colloquy with Britt.

At his later plea hearing, Britt reiterated his desire to represent himself. After the trial court again warned him of the dangers of representing himself at the plea hearing or at trial, Britt was allowed to proceed pro se. The trial court sentenced Britt to a term of ten years, with three to be served in confinement, and his conviction was entered.

Within 30 days of his guilty plea, and within the same term of court, Britt filed a pro se "Motion to Withdraw Void Sentence and Pleas." The trial court issued a scheduling order, stating that Britt was

entitled to the assistance of representation in this matter if he wishes to be represented . . . [Britt] had previously made the [trial court] aware that he did not wish to be represented by the Public Defender's Office with regards to the trial of this case. However, if [Britt] does wish to inquire into representation for this matter, he is encouraged to do so.

Britt filed a "request for appointment of effective [assistance] of counsel," and the trial court appointed Britt counsel.

At the hearing on Britt's motion to withdraw his guilty plea, Britt expressed his desire to represent himself because his appointed counsel had filed a motion for a continuance and he did not want the hearing to be continued. The trial court asked Britt again if he wanted to represent himself, and Britt responded affirmatively but requested that his appointed counsel remain in the courtroom on a standby basis. The trial court denied Britt's request for standby counsel, and, after confirming that Britt wanted to proceed pro se, dismissed Britt's counsel.

Britt represented himself at the hearing, which took place over two days. Following the trial court's denial of his motion to withdraw his guilty plea, Britt filed this appeal, with the assistance of counsel, arguing in his sole enumerated error that the court erred by allowing him to represent himself during his motion to withdraw his plea. Britt argues that the trial court failed to warn him of the risks of proceeding

3

pro se in his post-conviction proceeding, and therefore he did not make a knowing waiver of appellate counsel.

As an initial matter, a plea withdrawal proceeding is a critical stage of criminal prosecution wherein defendants are entitled to counsel. See *Fortson v. State*, 272 Ga. 457, 460 (1) (532 SE2d 102) (2000) ("the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel"). Finding that Britt was entitled to post-conviction counsel for his motion to withdraw his guilty plea, we look to see if there was a valid waiver of counsel. See id. at 459 (1).

"[A] defendant may validly elect to represent himself during post-conviction proceedings by waiving his right to counsel either expressly, or functionally." *Allen v. Daker*, 311 Ga. 485, 497 (2) (858 SE2d 731) (2021) (citation omitted). However, the defendant "must be advised of the dangers of such self-representation and knowingly, intelligently, and voluntarily waive his right to appellate counsel on the record." Id. at 498 (2) (a). If the record does not contain warnings from the trial court as to the dangers of proceeding pro se during the post-conviction proceedings, "the defendant has not validly waived his right to appellate counsel." Id. (citation, punctuation and footnote omitted).

4

While the record shows that Britt was warned of the dangers of self-representation *at trial*, He was not advised of the dangers of self-representation in his post-conviction proceeding. An examination of the record reveals that there were no discussions at any of the hearings about the dangers of self-representation in Britt's post-conviction proceeding. While the order dismissing Britt's post-conviction counsel, which was prepared by Britt's counsel, stated that Britt had been "formally advised by [the trial court] . . . about the dangers of self-[representation]", the hearing transcripts show no such advice from the trial court regarding post-conviction self-representation.[2]

Notably, in *Allen* the Supreme Court stated that it "has not endorsed a specific colloquy that trial courts should use when advising defendants of the dangers of self-representation in post-conviction proceedings[.]" *Allen*, supra at 498 (2) (a) n. 11. Given the complete absence of any colloquy regarding the dangers of self-representation in post-conviction proceedings in the matter at hand, we similarly decline to do so today. See id.

---

[2] The State claims otherwise in its appellate brief, but its record citations refer only to the warnings Britt received from the trial court about the dangers of proceeding pro se at trial and during the plea proceedings.

5

Furthermore, the record does not reflect that the trial court found a "functional equivalent of a knowing and voluntary waiver of counsel." *Calmes v. State*, 312 Ga. App. 769, 773 (3) (719 SE2d 516) (2011) (citation and punctuation omitted) (physical precedent only); See also, *Allen*, supra at 497-498 (2). One such waiver occurs when a non-indigent defendant fails to retain counsel. See *Allen*, supra at 499 (2) (b) (i). As Britt was indigent at the time of his appeal, this waiver fails to apply.

However, functional waiver of appointed counsel can also occur when a defendant engages in dilatory tactics.[3] See *Allen*, supra at 501 (2) (b) (ii). At the hearing on his motion to withdraw his guilty plea, Britt expressed his desire to proceed pro se rather than with counsel because his appellate counsel had requested a continuance. As such, the record does not reflect that Britt functionally waived his right to appointed counsel through dilatory tactics. See id.

The trial court failed to advise Britt of the dangers of self-representation in his post-conviction proceeding, and the record does not include a clear waiver of appellate counsel. Therefore, we find that the trial court abused its discretion by finding a waiver of counsel and as such, we reverse and remand this case to the trial

---

[3] Of note, even if a trial court found that a defendant functionally waived their right to counsel by engaging in dilatory tactics, "the court should advise the defendant of the dangers of self-representation." *Allen*, supra at 501 (2) (b) (ii).

court for a re-hearing on Britt's motion to withdraw his guilty plea to be conducted in conformity with this opinion. See *Fortson*, supra at 460-461 (2).

*Judgment reversed and case remanded. Dillard, P. J., and Pinson, J., concur.*